February 24, 1977

## 78-74  MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Travel Expenses—Person Traveling on Behalf of the President—Use of Appropriated Funds

Inquiries have been raised concerning the propriety of Federal payment of travel expenses incurred by a person traveling on official business on behalf of the President when the person is not an officer or employee of the United States.

Before answering the specific questions, we make two general observations. First, the President is Commander-in-Chief of the Armed Forces, and has considerable authority in the dispatch of military transportation. When travel is accomplished by military aircraft for an otherwise valid military or humanitarian purpose, incidental official travel by a volunteer Presidential representative can be accomplished concurrently and often at lower expense. Of course, military missions should not be mere shams used to provide transportation for nonmilitary and nonhumanitarian purposes.

Second, our comments are concerned only with situations where the travel involved is for an official purpose of the Presidency and where the traveling representative is acting on behalf of the President in a capacity which he or she may lawfully fill.

1. *Question:* Is it legal to use Executive Office appropriations to pay expenses of a volunteer agent of the President traveling on his behalf?

Answer: Yes, to the extent that the travel is for the official purposes of the the Presidency and can be met from funds already appropriated. *See* 3 U.S.C. § 102 (expense allowance); 3 U.S.C. § 103 (travel allowance of $40,000 authorized, to be accounted for solely on the certificate of the President); and the "Salaries and Expenses" and "Unanticipated Needs" sections of the Executive Office Appropriations Act of 1977, Pub. L. No. 94-363, 90 Stat. 966, 968. Note that the "Salaries and Expenses" item appropriates $100,000 for travel expenses necessary to the White House Office, which is to be accounted for solely on the certificate of the President. The appropriation for "Unanticipated Needs" is expressly made

. . . without regard to any provision of law regulating employment

and pay of persons in the Government service or regulating expenditures of Government funds . . . .

2. *Question:* Does it make any difference that this person is in fact a relative of the President?

*Answer:* No, if the travel is accomplished to perform an official purpose of the Presidency and if the person traveling may lawfully act in the capacity assigned by the President, his relationship to the President is irrelevant. In these limited circumstances, and where the relative is neither appointed to an impermissible office, personally compensated for the services rendered, nor granted authority which cannot be delegated to a person in his or her capacity, we find no statutory impediment to meeting his or her travel expenses incurred on behalf of the President. Of course, questions of propriety may well arise which do not involve purely legal considerations. In addition, Presidential relatives are ineligible for many sorts of Federal appointments.

3. *Question:* Is there any precedent for payment of these expenses by another Administration for family members to travel on official business?

*Answer:* Yes, Presidents from Franklin Roosevelt to Gerald Ford have regularly been represented by family members at various national and international activities. For example, President Ford once proposed to send members of his immediate family to represent him at the inauguration of President Lopez-Portillo of Mexico.

JOHN M. HARMON
*Acting Assistant Attorney General*
*Office of Legal Counsel*